UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

TARA S. RABUFFO, D.V.M.,                  :
                                          :
            Plaintiff,                    :
        v.                                :   No. 5:15-cv-06378
                                          :
VCA SMOKETOWN ANIMAL HOSPITAL             :
a/k/a VCA ANTECH;                         :
SUSAN MYERS TAYLOR;                       :
ANGELICA BARBAROSA,                       :
                                          :
            Defendants.                   :
_____

## MEMORANDUM AND ORDER

**Defendant VCA's Motion to Dismiss in Part, ECF No. 7 – Granted in part; denied in part**

**Joseph F. Leeson, Jr.**                                    June 6, 2016
**United States District Judge**

      Defendant VCA has filed a partial Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim. For the reasons set forth below, VCA's Motion is granted in part and denied in part.

**I.**    **Background**

      **A.**    **Factual Background**

      The Complaint alleges the following facts.

      Plaintiff Tara Rabuffo, a veterinary surgeon, was diagnosed with degenerative disc disease, a permanent spinal disability, in 1996. Compl. ¶¶ 11, 13, ECF No. 1. In July 2005, she was hired by Smoketown Animal Hospital ("Smoketown"), the predecessor to Defendant VCA, for the position of Veterinary Surgeon. Id. ¶ 16. Smoketown accommodated her spinal disability by, among other things, assigning additional surgical technicians to assist Rabuffo with animals.

1

Id. ¶ 17. At some point during her employment with Smoketown, Rabuffo also informed her employer that she had a latex allergy that caused skin sensitivity. Id. ¶ 18. Smoketown accommodated this disability by providing latex-free gloves and scrubs. Id.

In 2009, VCA acquired Smoketown. Id. ¶ 19. In June 2010, Rabuffo suffered a seizure while coming into contact with latex on a family vacation and learned that her body was now reacting much more strongly to latex. Id. ¶ 21. Rabuffo's doctor prescribed her to carry an "epi-pen," containing epinephrine, which is used to combat the effects of anaphylactic reactions to latex. Id. Rabuffo requested that VCA authorize the purchase of latex-free materials, but VCA refused. Id. ¶ 24. On four occasions between September 2010 and March 2011, Rabuffo suffered an anaphylactic reaction upon coming into contact with latex in the workplace. Id. ¶¶ 25-26.

In April 2011, Rabuffo had spinal disc replacement surgery. Id. ¶ 29. In May 2011, Rabuffo's neurosurgeon permitted her to return to work for office consultations but not surgeries. Id. ¶ 31. VCA, however, refused to permit her to return unless she could perform surgeries. Id. ¶ 32. VCA also required that Rabuffo provide further information about her health, including her use of the epi-pen. Id. ¶ 33. By letter dated June 17, 2011, Rabuffo's neurosurgeon informed VCA that Rabuffo could return to work in four to six weeks. Id. ¶ 36. On June 28, 2011, Susan Myers Taylor, the Regional Vice President of VCA, informed other VCA executives that she would not allow Rabuffo to return to work and resume her use of the epi-pen. Id. ¶ 38. On July 1, 2011, Rabuffo's doctor signed a note allowing Rabuffo to return to work beginning July 18, 2011. Id. ¶ 39. VCA refused to permit Rabuffo to return to work on that date. Id. ¶ 45. By letter dated July 27, 2011, Rabuffo, through counsel, demanded that she be permitted to return to work. Id. ¶ 46. VCA did not respond to Rabuffo's letter, and on August 19, 2011, Rabuffo "placed

[VCA] on notice of [her] charge of discrimination and that its conduct left [her] no choice but to constructively discharge herself from employment." Id. ¶¶ 46-49.

### B. Procedural Background

Following the termination of her employment in August 2011, Rabuffo timely filed charges with the Pennsylvania Human Rights Commission ("PHRC"), which charges were also cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Id. ¶ 8.  During the pendency of the PHRC proceedings Rabuffo withdrew her action from the PHRC in order to file the present action. Id. ¶ 9. Rabuffo's Complaint, filed November 30, 2015, alleges a refusal to reasonably accommodate her spinal disability, in violation of the Americans with Disabilities Act ("ADA") and Pennsylvania Human Rights Act ("PHRA"); constructive discharge, in violation of the ADA and PHRA; "latex-related disability discrimination"; and an "aiding and abetting" claim against individual Defendants Susan Myers Taylor and Angelica Barbosa.[1] The Complaint also alleges, in the alternative, a "regarded as" disability claim.

VCA filed the present Motion to Dismiss on February 2, 2016, contending that Rabuffo has failed to state a claim with respect to her latex-related disability allegations and her constructive discharge allegations.

## II. Legal Standard – Motion to Dismiss for Failure to State a Claim

The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). This Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff

---

[1] Rabuffo subsequently voluntarily dismissed all claims against Barbosa, and she dismissed her aiding and abetting claim against Taylor. ECF No. 14.

may be entitled to relief." See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Court subsequently laid out a two-part approach to reviewing a motion to dismiss under Rule 12(b)(6).

First, the Court observed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 678. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive the motion; "instead, 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Id.; Phillips, 515 F.3d at 233 (quoting Twombly, 550 U.S. at 563 n.8). While Rule 8, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," was "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (citing Twombly, 550 U.S. at 555)); see Fed. R. Civ. P. 8(a)(2). For "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." Phillips, 515 F.3d 224, 232 (citing Twombly, 550 U.S. at 555 n.3).

Second, the Court emphasized, "only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 678. Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 555). This is because Rule 8(a)(2) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" See id., 515 F.3d at 234 (quoting Fed. R. Civ. P. 8(a)(2)). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Detailed factual allegations" are not required, id. at 678 (quoting Twombly, 550 U.S. at 555), but a claim must be "nudged . . . across the line from conceivable to plausible," id. at 680 (quoting Twombly, 550 U.S. at 570).

"The plausibility standard is not akin to a 'probability requirement,'" but there must be "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557)).

**III.   Analysis**

    **A.   Rabuffo has failed to state a claim for "latex-related disability discrimination."**

VCA contends that Rabuffo has failed to state a "latex-related disability claim" because she failed to exhaust her administrative remedies with respect to that claim. In response, Rabuffo acknowledges that she failed to include a latex-related disability claim in her administrative

5

actions. However, she contends that this failure is excusable in view of the doctrines of equitable estoppel and equitable tolling. Specifically, Rabuffo contends that VCA withheld evidence of its latex-based discrimination until September 2015, and thus prevented her from including this claim in her administrative complaints.

"Plaintiffs bringing employment discrimination charges under the ADA must comply with the procedural requirements set forth in Title VII of the Civil Rights Act of 1964, as amended, at 42 U.S.C. § 2000e–5." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Among those requirements is that "[b]efore filing a complaint, a plaintiff alleging discrimination under the ADA must exhaust her administrative remedies by filing a charge with the EEOC. . . . The ensuing suit is limited to claims that are within the scope of the initial administrative charge." Williams v. E. Orange Cmty. Charter Sch., 396 F. App'x 895, 897 (3d Cir. 2010) (citations omitted). However, the exhaustion requirements of the ADA are prudential, not jurisdictional, in nature, and are subject to equitable tolling. See Wilson v. MVM, Inc., 475 F.3d 166, 175 (3d Cir. 2007); see also King v. Mansfield Univ. of Pennsylvania, No. 15-1814, 2016 WL 1127839, at *1 (3d Cir. Mar. 23, 2016) ("The ADA . . . 'incorporates by reference Title VII's 'powers, remedies, and procedures,' making each statute's time limits similarly non-jurisdictional and subject to equitable tolling.") (quoting Ebbert v. DaimlerChrysler Corp., 319 F.3d 103, 108 n. 4 (3d Cir. 2003)) (footnote omitted); Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997) ("[I]n Title VII cases courts are permitted in certain limited circumstances to equitably toll filing requirements, even if there has been a complete failure to file, which necessarily precludes characterizing such requirements as 'jurisdictional.'").

"Under equitable tolling, plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999). The United States Court of Appeals for the Third Circuit has stated that

> there are three principal, though not exclusive, situations in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.

Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). Further,

> in the context of employment discrimination cases . . . the equitable tolling doctrine may excuse the plaintiff's non-compliance with the statutory limitations provision at issue when it appears that (1) the defendant actively misled the plaintiff respecting the reason for the plaintiff's discharge, and (2) this deception caused the plaintiff's non-compliance with the limitations provision.

Id. "In addition, 'equitable tolling requires the plaintiff to demonstrate that he or she could not, by the exercise of reasonable diligence, have discovered essential information bearing on his or her claim.'" Ruehl v. Viacom, Inc., 500 F.3d 375, 384 (3d Cir. 2007) (quoting In re Mushroom Transp. Co., 382 F.3d 325, 339 (3d Cir. 2004)).

Rabuffo's Complaint does not allege any facts to show that equitable tolling is appropriate in this case. In particular, Rabuffo has not alleged that VCA actively misled her about the reason for her discharge, that such deception caused her non-compliance with the relevant limitation provision, or that she could not, by the exercise of reasonable diligence, have discovered essential information bearing on her claim. The closest the Complaint comes to making such allegations is the allegation that "[i]n the PHRC proceedings, and for the first time in September 2015, Plaintiff learned that back in 2011 while she was on leave for her spinal surgery, Defendant VCA's executives were conspiring to discriminate against her because of her

latex-related disability, as well as her spinal disability." Compl. ¶ 81. Although this statement alleges that Rabuffo did not learn of certain conspiratorial conduct concerning her latex disability until September 2015, it does not allege that VCA misled her about the reason for her discharge or that this deception caused her noncompliance with the statute of limitations.

Further, as VCA points out, the allegations in Rabuffo's Complaint as well as the contents of documents relied upon in the Complaint include statements that appear to be at odds with the notion that VCA actively misled Rabuffo about the reason for her discharge or that Rabuffo was unaware of the facts underlying her latex-related disability discrimination claim. In particular, Rabuffo's Complaint cites a letter from VCA dated August 31, 2011, see Compl. ¶ 50,[2] in which VCA's general counsel wrote the following:

> The issue of whether Dr. Rabuffo is capable of safely performing the essential functions of her job with or without reasonable accommodation arose because of the medical restrictions in the July, 1, 2011 note as well as her severe latex allergy and the fact that the environment in which she works is not a latex free environment.
>
> As you may know, Dr. Rabuffo has a severe latex allergy as a result of which she has experienced systemic anaphylactic reactions on at least five occasions while on duty within a seven month period. The most recent incident occurred shortly before Dr. Rabuffo went out on FMLA leave for her cervical disk replacement surgery. One of Dr. Rabuffo's allergic reactions was so severe that she was unable to self-administer the epi-pen that she carries to inject herself with medication to alleviate the anaphylactic reaction. On at least one occasion, paramedics had to be called to treat Dr. Rabuffo. On another occasion, Dr. Rabuffo was hospitalized for 2 days as a result of an allergic reaction to exposure to latex.
>
> In view of the events described above, VCA has initiated the interactive process to determine whether Dr. Rabuffo is capable of safely performing the essential functions of her job with or without reasonable accommodation. As part of the interactive process, VCA requests that Dr. Rabuffo provide the information

---

[2] Rabuffo's Complaint cites but does not include a copy of this letter. However, VCA has attached a copy of the letter to its Motion to Dismiss. See DiMaria Certification, Ex. F, ECF No. 7-2. "[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

>requested on the attached Rider as to her latex allergy condition and her spinal condition.

Id. In short, as VCA points out, the letter "unequivocally states that Plaintiff is not being returned to work at this time because of VCA's concern over her latex allergy." Def.'s Reply Br. 3, ECF No. 12.

In addition to the letter, the Complaint contains several allegations that indicate Rabuffo was aware of the factual basis of her latex-related disability claim in 2011. According to the Complaint, after Rabuffo went on leave in April 2011, VCA "directed Plaintiff to secure letters from her cardiologist and neurosurgeon identifying her restrictions, and specifically inquiring about her use of the epi-pen." Compl. ¶ 33. After Rabuffo's cardiologist sent a letter to VCA stating that Rabuffo had no restrictions on returning to work and could continue to use her epi-pen, "VCA refused the letter and demanded more information." Id. ¶ 34. Thereafter, Rabuffo's cardiologist sent a second letter about the epi-pen, id. ¶ 35, but VCA informed Rabuffo that the second letter was "insufficient," id. ¶ 41. Rabuffo's cardiologist then sent a third letter to VCA "confirming Plaintiff was cleared to return from back surgery and that the use of an epi-pen is safe." Id. ¶ 42. In sum, Rabuffo alleges in the spring and summer of 2011, VCA twice inquired about her use of the epi-pen in response to her requests to return to work.

Because Rabuffo has failed to allege facts that show equitable tolling is appropriate, the Court grants VCA's Motion to Dismiss Rabuffo's latex-related disability claim. Nevertheless, in light of the Third Circuit's clear direction that "a district court must permit a curative amendment unless such an amendment would be inequitable or futile," and "must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend," see Phillips v. Cty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008), Rabuffo may amend her complaint if she is in

9

possession of facts sufficient to show that equitable tolling is appropriate with respect to her latex-related disability claim.

**B.     Rabuffo has stated a claim for constructive discharge.**

VCA contends that Rabuffo has failed to allege facts which demonstrate that she was constructively discharged from her employment. Specifically, VCA contends that because Rabuffo was on medical leave when she resigned, it follows that she was not "working" and that her "working conditions" could not have been so intolerable that she was forced to resign, nor has she otherwise alleged that she suffered intolerable working conditions. In response, Rabuffo contends that constructive discharge claims are fact-specific and not suitable for judgment on the pleadings.

The Third Circuit has summarized the standards governing its approach to constructive discharge claims as follows:

> "We employ an objective test to determine whether an employee can recover on a claim of constructive discharge . . . . [and must therefore] determine whether a reasonable jury could find that the [employer] permitted conditions so unpleasant or difficult that a reasonable person would have felt compelled to resign." Duffy v. Paper Magic Group, Inc., 265 F.3d 163, 167 (3d Cir. 2001) (internal quotations and citation omitted). Factors we have found relevant to this issue are whether the employer (1) "threatened [the employee] with discharge" or "urge[d] or suggest[ed] that she resign or retire," (2) "demote[d] her," (3) "reduce[d] her pay or benefits," (4) "involuntarily transferred [her] to a less desirable position," (5) altered her "job responsibilities," or (6) gave "unsatisfactory job evaluations." Clowes v. Allegheny Valley Hosp., 991 F.2d 1159, 1161 (3d Cir. 1993).

Colwell v. Rite Aid Corp., 602 F.3d 495, 502-03 (3d Cir. 2010).

Courts have observed that allegations of a failure to accommodate may provide support for a constructive discharge claim in some circumstances, although courts have also been wary of "regarding every failure to accommodate an employee as a constructive discharge." See Johnson v. Shalala, 991 F.2d 126, 131 (4th Cir. 1993). See also id. at 132 (stating that "a

10

complete failure to accommodate, in the face of repeated requests," might suffice to show a constructive discharge); Pagonakis v. Express LLC, 315 F. App'x 425, 430 n.4 (3d Cir. 2009) ("To the extent [the plaintiff] asserts that [her employer's] alleged failure to accommodate . . . resulted in her constructive discharge, she may present that theory to a jury."); McIntyre v. Archuleta, No. 2:14-CV-00327, 2015 WL 4566730, at *12 (W.D. Pa. July 29, 2015) ("The fact that [the plaintiff] has demonstrated that an issue of fact remains as to whether the Defendant failed to provide an[ ] accommodation does not necessarily mean that the Defendant could be found liable for constructive discharge.").[3]

Here, Rabuffo alleges that VCA constructively discharged her when, following her surgery, it refused to accommodate her disability and return her to employment, "[d]espite [her] repeated requests." Compl. ¶¶ 63-70. This is sufficient to state a claim for constructive discharge.

## IV. Order

**ACCORDINGLY**, this 6th day of June, 2016, **IT IS ORDERED THAT** Defendant VCA's Partial Motion to Dismiss, ECF No. 7, is **GRANTED IN PART AND DENIED IN PART**, as follows:

1. VCA's Motion to Dismiss Rabuffo's claim of "latex-related disability discrimination" is **GRANTED,** and this claim is **DISMISSED without prejudice**. Rabuffo is permitted leave to amend her Complaint in accordance with this Opinion. If Rabuffo chooses to file an amended complaint, she must file the amended complaint within **ten days** of the date of this Order.

2. VCA's Motion to Dismiss Rabuffo's constructive discharge claim is **DENIED**.

---

[3] The court in McIntyre also observed that the defendant's "failure to engage in the interactive process, on its own, might not be sufficient to establish a constructive discharge claim." Id. (emphasis added).

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge